WALTERS, J.,
dissenting.
I respectfully dissent. I accept, as does the majority, that the officer’s opening of defendant’s apartment door and his knock on defendant’s bedroom door violated Article I, section 9, of the Oregon Constitution. I do not agree, however, with the majority’s conclusion that that constitutional violation did not give the officer an advantage in gaining defendant’s consent to search. 356 Or at 144. Instead, I agree with the Court of Appeals that “the events leading up to defendant’s consent to the search of his bedroom flowed quickly and directly from the officer’s entry into the apartment” and that “the state did not demonstrate that defendant’s consent was independent of the illegality.” State v. Lorenzo, 252 Or App 263, 270-71, 287 P3d 1133 (2012). Therefore, for the reasons stated in my dissenting opinion in State v. Unger, 356 Or 59, 108, 333 P3d 1009 (2014) (Walters, J., dissenting), I think that the evidence that the officer obtained as a result must be suppressed.
If the officer’s entry were justified by an exception to the warrant requirement, I would not hesitate to uphold admission of the inculpatory evidence that the officer discovered. But I cannot join in an opinion that countenances an unconstitutional intrusion into a private residence and that urges — rather than requires — intervening or mitigating facts, such as Miranda warnings or warnings that the resident need not admit the officers. 356 Or at 144.
I respectfully dissent.
Baldwin, J., joins in this opinion.